UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL FLOYD,

    Plaintiff,

v.                                                      Case No. 3:15cv482/MCR/CJK

J. SIGMON, et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 19). Also pending is plaintiff's motion for appointment of counsel. (Doc. 20). For the reasons that follow, the undersigned concludes that this case should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim on which relief may be granted, and that plaintiff's motion for appointment of counsel should be denied.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, DC#J17034, is an inmate of the Florida penal system currently confined at South Florida Reception Center. (Doc. 21). Plaintiff was confined at Santa Rosa Correctional Institution (Santa Rosa CI) at the time of the events giving

rise to this lawsuit. Plaintiff's amended complaint names three defendants: J. Sigmon, Library Technical Assistant at Santa Rosa CI; R. Comerford, Warden of Santa Rosa CI; and E. Stine, Grievance Official with the Florida Department of Corrections' Central Office. Plaintiff claims the defendants deprived him of his First Amendment right of access to the courts and his Fourteenth Amendment right to due process when defendant Sigmon denied plaintiff's repeated requests for particular legal materials, and Warden Comerford and Grievance Official Stine failed to take corrective action upon plaintiff grieving the issue. Plaintiff also claims Sigmon retaliated against him in violation of the First Amendment, because two officers searched his cell and left his property in disarray after plaintiff filed an informal grievance concerning Sigmon's denial of the legal materials. Plaintiff includes an Eighth Amendment claim based on the defendants' "pattern of interference and harassment to [plaintiff] and his efforts to access the law library", claiming that defendants' conduct inflicted "mental and emotional distress". As relief, plaintiff seeks $35,000.00 in compensatory damages and $26,000.00 in punitive damages. (Doc. 19).

DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco*, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting Iqbal*, 556 U.S. at 679)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint is also subject to

dismissal for failure to state a claim if the allegations – on their face – show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler Cnty., Ala.,* 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

Taking those well-pleaded allegations of plaintiff's amended complaint as true and evaluating reasonable inferences derived from those facts in plaintiff's favor, plaintiff's amended complaint fails to state a plausible claim for relief under § 1983.  A viable claim under 42 U.S.C. § 1983 requires plaintiff to establish two essential elements:

1.  the conduct complained of was committed by a person acting under color of state law; and

2.  this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

Prisoners have a clearly established constitutional right of access to the courts, *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006); nevertheless, the doctrine of standing requires that an inmate alleging a violation of this right must show an actual injury. *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998). A showing of actual injury requires evidence that the prison officials' actions impeded the inmate's pursuit of a non-frivolous, post-conviction claim or civil rights action, such as the denial or dismissal of a direct criminal appeal, habeas petition, or civil rights case. *Al-Amin v. Smith*, 511 F.3d 1317, 1332-33 (11th Cir. 2008); *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) (holding that the inmate "must demonstrate that the lack of a law library . . . hindered his efforts to proceed with a legal claim in a criminal appeal, post-conviction matter, or civil rights action seeking to vindicate basic constitutional rights."). A plaintiff cannot state a First Amendment claim by simply alleging systemic denial of access to courts or legal resources without tying the denial to an actual injury. *Wilson*, 163 F.3d at 1291.

The court advised plaintiff of the foregoing in a previous amend order, and warned plaintiff that his allegation that Sigmon denied the legal materials at a time when plaintiff "was preparing a motion to petition the government" was insufficient to show an actual injury. (Doc. 18, p. 6). Plaintiff's amended complaint continues to assert merely that he "was preparing a motion to petition the government." (Doc.

19, Statement of Facts ¶ 29). Plaintiff does not identify the nature of his motion, much less identify a nonfrivolous underlying legal claim for which he sought relief in that motion. Plaintiff's failure to show actual injury requires dismissal of his access to courts claim. *See Al-Amin, supra*; *see also, e.g., Smith v. Israel*, 619 F. App'x 839, 842 (11th Cir. 2015) (affirming dismissal of inmate's access to courts claim based on prison official's destruction of his appeal-related legal documents; inmate's amended complaint did not identify the nature of his appeal, much less a nonfrivolous underlying legal claim for which he sought relief in that appeal).

Plaintiff's claims against defendants Comerford and Stine are based on their "arbitrary" denial of plaintiff's grievances and failure to take corrective action. These allegations fail to state a plausible First Amendment claim for the reasons stated above. Plaintiff's allegations also fail to state a plausible due process claim. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (holding that inmates have no constitutionally-protected liberty interest in access to a prison's grievance procedure); *see, e.g., Charriez v. Sec'y, Fla. Dep't of Corr.*, 596 F. App'x 890, 895 (11th Cir. 2015) ("Because the prison grievance procedure does not create a protected liberty interest, [an inmate] does not have a federal constitutional right within that administrative-grievance procedure." (*citing Bingham*)); *Moore v. Mclaughlin*, 569 F. App'x 656, 659 (11th Cir. 2014) (holding that prisoner had no

constitutionally protected liberty interest in access to prison's grievance procedure, and thus, could not base a § 1983 claim on prison officials' alleged failure to respond appropriately to his grievances (*citing Bingham*)).

Plaintiff's retaliation claim asserts two officers searched his cell and left his belongings in disarray after he filed his first informal grievance to Warden Comerford concerning Sigmon's denial of legal materials.  A First Amendment retaliation claim under § 1983 requires plaintiff to adequately allege: (1) that his speech or act was constitutionally protected; (2) that the defendants' retaliatory conduct adversely affected the protected speech; and (3) that there is a causal connection between the retaliatory actions and the adverse effect on the speech.  *See Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).  Plaintiff's allegations do not plausibly show that the search of his cell would "likely deter a person of ordinary firmness" from complaining about Sigmon's conduct, as plaintiff himself not only submitted several subsequent requests to Sigmon for the same legal materials, he also filed informal and formal grievances about Sigmon's conduct to Warden Comerford and Grievance Official Stine.  (Doc. 19, Statement of Facts ¶¶ 9-31); *Smith v. Mosley*, 532 F. 3d 1270, 1276 (11th Cir. 2008); *see also, e.g., Smith*, 619 F. App'x at 842 (affirming dismissal of inmate's retaliation claim:  "Smith failed to state a claim that Sergeant Owens retaliated against him for asking to speak to the

supervisor by ordering him to be strip searched and then handcuffed for 20 to 30 minutes. Smith did not show that these allegedly retaliatory acts would likely deter a person of ordinary firmness from complaining about the conditions of his confinement, as Smith himself made a second verbal request after the strip search and filed a grievance after the handcuffing." (internal quotation marks and citation omitted)).

Plaintiff also claims that the defendants' repeated denial of his request for legal materials caused him mental and emotional distress, in violation of the Eighth Amendment. An Eighth Amendment conditions-of-confinement claim "requires a two-prong showing: an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities' and a subjective showing that the official had a 'sufficiently culpable state of mind.'" *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (*quoting Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). "The Supreme Court has set a high bar for the objective component of a claim challenging a condition of confinement." *Evans v. St. Lucie Cnty. Jail*, 448 F. App'x 971, 973 (11th Cir. 2011). The court in *Evans* explained:

> The Court has observed that "the Constitution does not mandate comfortable prisons." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (*quoting Rhodes*, 452 U.S. at 349, 101 S. Ct. at 2400). "If prison conditions are merely 'restrictive and even harsh, they are part

*Case No. 3:15cv482/MCR/CJK*

>of the penalty that criminal offenders pay for their offenses against society.'" *Id.* (*quoting Rhodes*, 452 U.S. at 347, 101 S. Ct. at 2399). "[T]o make out a claim for an unconstitutional condition of confinement, 'extreme deprivations' are required." *Thomas*, 614 F.3d at 1304 (*quoting Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992)).  A prison condition is unconstitutional only if it deprives the plaintiff of a human need, *Jordan v. D*oe, 38 F.3d 1559, 1565 (11th Cir. 1994) (*citing Wilson v. Seiter*, 501 U.S. 294, 305, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1994)), or otherwise "'pose[s] an unreasonable risk of serious damage to his future health' or safety," *Chandle*r, 379 F.3d at 1289 (*quoting Helling v. McKinney*, 509 U.S. 25, 35, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993)).

*Id*. at 973-74 (short form citation to *Rhodes v. Chapman*, 452 U.S. 337, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)).  Plaintiff's allegation that the defendants' repeated failure to provide the legal materials caused him emotional distress falls far short of establishing an "extreme deprivation" under the Eighth Amendment.

Even if plaintiff's allegations stated a facially plausible constitutional claim, plaintiff would be barred from recovering the relief he seeks.  The Prison Litigation Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. . . ."  42 U.S.C. § 1997e(e).  "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002).  This action, brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition.  It is evident from the face of plaintiff's

pleadings that plaintiff was a prisoner at the time he filed this action, and that the harm of which he complains occurred while he was in custody.  Plaintiff identifies no physical injury arising from the defendants' alleged conduct, and is therefore barred by § 1997e(e) from recovering compensatory or punitive damages.  *Harris v. Garner*, 190 F.3d 1279, 1287-88 (11th Cir. 1999) ("*Harris* I"), *vacated in part and reinstated in relevant part on reh'g*, 216 F.3d 970 (11th Cir. 2000) (en banc) ("*Harris II*") (affirming district court's dismissal, under 42 U.S.C. § 1997e(e), of prisoners' compensatory and punitive damages claims arising from prison officials' alleged unconstitutional conduct, where prisoners alleged no physical injury arising from that conduct); *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury); s*ee also, e.g., Logan v. Hall*, 604 F. App'x 838, 840-41 (11th Cir. 2015) (holding that § 1997e(e) barred prisoner from recovering compensatory or punitive damages on First Amendment claim).

Accordingly, it is ORDERED:

Plaintiff's motion for appointment of counsel (doc. 20) is DENIED.

And it is respectfully RECOMMENDED:

1.  That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim on which relief may be granted.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 9th day of June, 2016.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.